UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                                    Petitioner,<br>v.<br><br>ROBERT BURTON, Warden,<br><br>                                    Respondent. | Case No.: 3:21-cv-2125-CAB-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On December 21, 2021, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner failed to either pay the $5.00 filing fee or move to proceed in forma pauperis, and the Court dismissed the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254; ECF No. 2. Petitioner was given until April 11, 2022 to either pay the $5.00 filing fee or file a Motion to Proceed in Forma Pauperis together with adequate proof of his inability to pay the fee. ECF No. 2. On February 28, 2022, Petitioner filed a Motion to Proceed in Forma Pauperis. ECF No. 3.

## MOTION TO PROCEED IN FORM PAUPERIS

Petitioner has provided a prison certificate which shows Petitioner has $0.00 on account at the California correctional institution in which he is presently confined.

Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for Ground Two of the Petition. In Ground Two, Petitioner claims he is the victim of "ADA discrimination" because he has been denied access to programs based on his disability. ECF No. 1 at 7. This claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that as to Ground Two of the Petition, Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254 as to Ground Two.

/ / /

/ / /

# FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES
# AS TO ALL CLAIMS IN THE PETITION

In addition, the Petition appears to contain both exhausted and unexhausted claims. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner has failed to allege that he has exhausted Ground Three by presenting it to the California Supreme Court. *See* ECF No. 1 at 8. Petitioner has therefore filed a "mixed" petition; that is, one which presents both exhausted and unexhausted claims. In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a mixed petition is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id.* at 514–20.

Having preliminarily determined the Petition contains unexhausted and exhausted claims, the Court notifies Petition of his options.
/ / /

### A. First Option: Allege Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim which appears to be unexhausted. If Petitioner chooses this option, his papers are due no later than **May 3, 2022**. Respondent may file a reply by **June 3, 2022**.

### B. Second Option: Voluntarily Dismiss the Petition

Petitioner may voluntarily dismiss his entire federal petition and return to state court to exhaust any unexhausted claims. He may thereafter file a new federal petition in this Court containing only exhausted claims. *See Rose*, 455 U.S. at 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this option, he must file a pleading notifying the Court of his intent to voluntarily dismiss his petition no later than **May 3, 2022**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed <u>state</u> habeas corpus

---

[1] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

**C. Third Option: Formally Abandon Unexhausted Claim**

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this option, he must file a pleading with this Court no later than **May 3, 2022**. Respondent may file a reply by **June 3, 2022**.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).[2]

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

### D. Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may, along with a First Amended Petition, file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

If Petitioner choses this fourth option, he must file a pleading with this Court no later than **May 3, 2022**.  Respondent may file a reply by **June 3, 2022**.

---

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to Proceed in Forma Pauperis and **DISMISSES** this case without prejudice. If Petitioner wishes to proceed with this case, he must, **no later than May 3, 2022** choose one of the options outlined above by filing a pleading which either alleges exhaustion (Option 1), voluntarily dismisses his petition (Option 2), dismisses his unexhausted claims (Option 3), or requests a stay (Option 4).

Petitioner is cautioned that if he fails to respond to this Order, the Petition will remain dismissed without prejudice.[1] *See Rose*, 455 U.S. at 522. The Clerk of Court shall send a blank Amended Petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: March 4, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)–(2).